IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHER DIVISION

| | |
|---|---|
| LAURA GRESHAM<br>LAKISHA LAWSON<br><br>Plaintiffs,<br><br>v.<br><br>LUSTER PRODUCTIONS, INC.;<br>DOLLAR GENERAL, INC., et al.,<br><br>Defendants. | CIVIL ACTION NO.: 2:06cv89-WHA |

RECEIVED
2006 JAN 31 A 10:51
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Defendant Luster Productions, Inc., whose true and correct name is Luster Products, Inc., (hereinafter "Luster Products") and Defendant, Dollar General, Inc., whose true and correct name is Dolgencorp, Inc. (hereinafter "Dollar General") hereby give notice of removal of this action from the Circuit Court of Lowndes County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division, as the district and division in which such action is pending. As grounds for this removal, Defendants state as follows:

1. On or about January 6, 2006, Plaintiffs, Laura Gresham (Gresham) and Lakisha Lawson (Lawson) commenced an action in the Circuit Court of Lowndes County, Alabama, styled <u>Laura Gresham, Lakisha Lawson, Plaintiffs v. Luster Productions, Inc.; Dollar General, Inc.; et al., Defendants</u>, Civil Action No.: CV-06-02.

2. In Plaintiffs' complaint, Plaintiffs attempt to state causes of action for negligence (Count I), breach of express warranty (Count II), wantonness (Count III), and Alabama Extended Manufacturer's Extended Liability Doctrine (County IV). In each of the

four counts of the complaint, Plaintiffs each demand $100,000.00 each in damages, (Complaint, ¶'s 6-9).

3. Defendant, Luster Products first received a copy of the initial pleadings setting forth the claims for relief by service by certified mail with the summons and complaint on or about January 12, 2006. Defendant Dollar General as of the date of the filing of this notice of removal, has not been properly served with the summons and complaint; however, Defendant, Dollar General first received a copy of the complaint from source other than the court on or about January 25, 2006.

4. True and correct copies of all process, pleadings and orders served or purportedly served upon Defendants in said action are attached hereto and marked as Exhibit "1" and made a part hereof.

5. Pursuant to 28 U.S.C. §1446(b) Defendants have thirty days from the receipt by the first-served Defendant, through service or otherwise, of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, to remove a case. 28 U.S.C. §1446(b). This notice of removal is filed within thirty days of the filing of Plaintiffs' complaint on January 6, 2006 and within thirty days after Defendant Luster Products, the first served Defendant, received Plaintiff's complaint on or about January 12, 2006; therefore, this removal is timely filed pursuant to 28 U.S.C. §1446(b) and Rule 6(a) of the *Federal Rules of Civil Procedure*.

6. Defendant, Luster Productions, Inc., whose true and correct name is Luster Products, Inc., and Defendant, Dollar General, Inc., whose true and correct name is Dolgencorp, Inc., are the only Defendants named in the lawsuit and both Defendants join in this notice of removal. Plaintiffs have also named numerous fictitious Defendants in the

complaint. For purposes of removal, the citizenship of Defendants sued under fictitious names shall be disregarded. 28 U.S.C. §1441(a).

7. In accordance with 28 U.S.C. §1446(b), a copy of this notice of removal is being filed with the clerk of the Circuit Court of Lowndes County, Alabama. A copy of the notice of filing of notice of removal is attached hereto as Exhibit "2".

8. This action is hereby removed by Defendants from the Circuit Court of Lowndes County Alabama, to the United States District Court for the Middle District of Alabama, Northern Division, as the District Court of the United States for the District and Division embracing the place where such action is pending. See, 28 U.S.C. §81(b)(1) and 28 U.S.C. §1446(a). Thus, venue is proper in the United States District Court for the Middle District of Alabama, Northern Division.

## FEDERAL DIVERSITY JURISDICTION

## COMPLETE DIVERSITY

9. Plaintiff, Laura Gresham is an adult resident citizen of Lowndesboro, Alabama. (Complaint, ¶ 1). Thus, Plaintiff, Laura Gresham is for diversity purposes a citizen of the State of Alabama.

10. Plaintiff, Lakisha Lawson, is an adult resident citizen of Montgomery, Alabama (Complaint, ¶ 1). Thus, Plaintiff, Lakisha Lawson, is for diversity purposes a citizen of the State of Alabama.

11. Defendant Luster Products, Inc., incorrectly named in the complaint as Luster Productions, Inc., is an Illinois corporation with its principal place of business in the State of Illinois. Luster Products is not incorporated in and does not have its principal place of

business in the State of Alabama. Thus, Defendant, Luster Products is, for diversity purposes, a citizen of the State of Illinois. See, 28 U.S.C. §1332(c)(1).

12. Defendant, Dolgencorp, Inc., incorrectly named in the complaint as Dollar General, Inc., is a Kentucky corporation with its principal place of business in the State of Tennessee. Defendant, Dollar General, Inc., whose true and correct name is Dolgencorp, Inc., is not incorporated in and does not have its principal place of business in the State of Alabama. Thus, Defendant, Dollar General is, for diversity purposes, a citizen of the States of Kentucky and Tennessee. See, 28 U.S.C. §1332(c)(1).

13. No Defendant is a citizen of, incorporated in, or has its principal place of business in the State of Alabama. Each Plaintiff is an adult resident citizen of the State of Alabama. Therefore, there is complete diversity between Plaintiffs and Defendants, and jurisdiction of this Court predicated on diversity of citizenship and the amount in controversy exists pursuant to 28 U.S.C. §1332.

## AMOUNT IN CONTROVERSY

14. Although Defendants expressly deny liability to Plaintiffs and deny that Plaintiffs are entitled to any judgment against Defendants based on the allegations of Plaintiffs' complaint, this case nonetheless meets the $75,000.00 amount in controversy requirement for diversity jurisdiction purposes under 28 U.S.C. §1332(a) because the value of the relief each Plaintiff seeks exceeds $75,000.00, exclusive of interest and costs.

15. In each of the four counts of Plaintiffs' complaint, the Plaintiffs each demand judgment in the sum of $100,000.00 each (Complaint, ¶ 6, 7, 8 and 9). Thus, it is "facially apparent" that Plaintiffs' claims and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See, Leonard v. Enterprise Rent-A-Car, 279 F. 3d, 967,

972 (11th Cir. 2002); see also, Williams v. Best Buy Company, Inc., 269 F. 3d 131, 1310, 1319-20 (11th Cir. 2001); Sierminski v. TranSouth Financial Corp., 216 F. 3d 945, 948-49(11th Cir. 2000).

16.   Thus, under the pleadings of the Plaintiffs and the facts before the Court it is clear that the amount in controversy with respect to each Plaintiff's claims against the Defendants is in excess of $75,000.00, exclusive of interest and costs.

17.   A true and correct copy of this notice of removal is being served upon all counsel of record.

18.   A true and correct copy of this notice of removal is being filed with the Circuit Court of Lowndes County, Alabama.

19.   By filing this notice of removal, Defendants do not waive any defense that may be available to Defendants.

20.   There is complete diversity of citizenship between the parties, and this Court has original jurisdiction over this action based on diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §1332.

21.   Defendants are entitled to remove this action to this Court pursuant to 28 U.S.C. §1441(a).

22.   Defendants have filed this notice of removal in this Honorable Court pursuant to 28 U.S.C. §1446(a), as the district and division in which such action is pending. A copy of all pleadings served or purported to be served upon Defendants are attached to this notice of removal as Exhibit "1".

**WHEREFORE**, Defendants Luster Productions, Inc., whose true and correct name is Luster Products, Inc. and Dollar General, Inc., whose true and correct name is

Dolgencorp, Inc. file this notice of removal so as to effect the removal of this action from the Circuit Court of Lowndes County, Alabama, to this Court. Defendants pray that this Honorable Court will make such other orders that may be appropriate to effect the preparation and filing of a true record in this cause so that all proceedings that may have been had in said Circuit Court are removed to this Court. Defendants, Luster Productions, Inc., whose true and correct name is Luster Products, Inc., and Defendant, Dollar General, Inc., whose true and correct name is Dolgencorp, Inc., further pray that the removal of this cause to this Court should be effected and that no further or other proceedings shall be had with respect to this cause in the Circuit Court of Lowndes County, Alabama.

Dated this the 31st day of January, 2006.

_____
ROGER S. MORROW, MOR032

_____
JOEL H. PEARSON, PEA019
Attorneys for Defendant Luster Productions, Inc., whose correct name is Luster Products, Inc. and Defendant Dollar General, Inc., whose correct name is Dolgencorp, Inc.

OF COUNSEL:

MORROW, ROMINE & PEARSON, P.C.
122 South Hull Street
Post Office Box 4804
Montgomery, Alabama  36103-4804
Telephone: (334) 262-7707
Facsimile:  (334) 262-7742

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the 31st day of January, 2006.

Hon. Mickey J. G. McDermott
The Law Offices of Mickey J. G. McDermott
100 Commerce Street, Suite 1000
Montgomery, Alabama 36104-2508

Hon. John R. Walker
P.O. Box 3041
Montgomery, Alabama 36109-0041

_____
Of Counsel