IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED
NORTHER DIVISION

2006 JAN 31  A 10: 51

LAURA GRESHAM                    )
LAKISHA LAWSON                   )
                                 )
        Plaintiffs,              )
                                 )    DEBRA P. HACKETT, CLK
                                 )    U.S. DISTRICT COURT
                                 )    MIDDLE DISTRICT ALA
                                 )
v.                               )    CIVIL ACTION NO.:  2:06cv89-WHA
                                 )
LUSTER PRODUCTIONS, INC.;        )
DOLLAR GENERAL, INC., et al.,    )
                                 )
        Defendants.              )

## ANSWER OF DEFENDANT DOLLAR GENERAL, INC., WHOSE CORRECT NAME IS DOLGENCORP, INC.

**COMES NOW** Defendant Dollar General, Inc., whose true and correct name is Dolgencorp, Inc., (hereinafter sometimes referred to as "Dollar General"), and answers Plaintiffs' complaint as follows:

### RESPONSES TO THE ALLEGATIONS OF THE COMPLAINT

1.      In response to the first sentence of paragraph 1 of Plaintiffs' complaint, Defendant Dollar General admits Plaintiffs are each citizens and residents of the State of Alabama. Defendant Dollar General has insufficient information upon which to either admit or deny each and every other remaining allegation contained in paragraph 1 of the complaint, and therefore denies the same and demands strict proof thereof.

2.      In response to paragraph 2 of Plaintiffs' complaint, Defendant admits that both named Defendants are foreign corporations and that Dolgencorp, Inc., incorrectly named in the complaint as Dollar General, Inc., is a Kentucky corporation with its principal place of business in the State of Tennessee, and that Defendant, Luster Productions, Inc., whose correct name is Luster Products, Inc., is an Illinois corporation with its principal

place of business in the State of Illinois. Defendant denies the remaining allegations contained in paragraph 2 of Plaintiffs' complaint and demands strict proof thereof.

## JURISDICTION & VENUE

3.    Defendant Dollar General denies the allegations contained in paragraph 3 of Plaintiffs' complaint and demands strict proof thereof.

## FACTS

4.    Defendant Dollar General has insufficient information upon which to either admit or deny the allegations contained in paragraph 4 of the complaint, and therefore denies the same and demands strict proof thereof.

5.    Defendant Dollar General denies the allegations contained in paragraph 5 of Plaintiffs' complaint and demands strict proof thereof.

## COUNT (1)
## NEGLIGENCE

6.    In response to the first sentence of paragraph 6 of Plaintiffs' complaint, Defendant Dollar General adopts and incorporates herein by reference the responses to the complaint contained in paragraphs 1 through 5 of this Answer as if fully set out herein. Defendant Dollar General denies each and every other remaining allegation contained in paragraph 6 of Plaintiffs' complaint and demands strict proof thereof.

## COUNT (2)
## BREACH OF EXPRESS WARRANTY

7.    In response to the first sentence of paragraph 7 of Plaintiffs' complaint, Defendant Dollar General adopts and incorporates herein by reference the responses to the complaint contained in paragraphs 1 through 6 of this Answer as if fully set out herein.

2

Defendant Dollar General denies each and every other remaining allegation contained in paragraph 7 of Plaintiffs' complaint and demands strict proof thereof.

## COUNT (3)
## WANTONNESS

8.    In response to the first sentence of paragraph 8 of Plaintiffs' complaint, Defendant Dollar General adopts and incorporates herein by reference the responses to the complaint contained in paragraphs 1 through 7 of this Answer as if fully set out herein. Defendant Dollar General denies each and every other remaining allegation contained in paragraph 8 of Plaintiffs' complaint and demands strict proof thereof.

## COUNT (4)
## ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

9.    In response to the first sentence of paragraph 9 of Plaintiffs' complaint, Defendant Dollar General adopts and incorporates herein by reference the responses to the complaint contained in paragraphs 1 through 8 of this Answer as if fully set out herein. Defendant Dollar General denies each and every other remaining  allegation contained in paragraph 9 of Plaintiffs' complaint and demands strict proof thereof.

## GENERAL DENIAL

10.    Defendant Dollar General denies each and every material allegation contained in Plaintiffs' Complaint that is not expressly admitted in this Answer and demands strict proof thereof.  Defendant further denies that either Plaintiff is entitled to the relief or damages claimed in the complaint.

## ADDITIONAL DEFENSES, RESPONSES AND AFFIRMATIVE DEFENSES

11.    Defendant Dollar General asserts that it is not guilty of any wrongdoing.

12.     Defendant Dollar General was not in any manner negligent or wanton.

13.     Defendant Dollar General denies that it was guilty of any wrongdoing, error, act or omission that may have caused damages to Plaintiffs.

14.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Defendant Dollar General.

15.     Plaintiffs have failed to mitigate the injuries and damages claimed in the Complaint, if any.

16.     Defendant Dollar General's conduct, activities, product and/or any alleged product defect were not the proximate cause of Plaintiffs' injuries.

17.     Plaintiffs' injuries were the result of an independent intervening cause.

18.     Defendant Dollar General asserts as a defense that the product allegedly involved in this incident may have been substantially modified or altered after it left this Defendant's possession and control.

19.     Defendant Dollar General avers that any alleged non-conforming or defective condition of the product was the result of abuse, neglect, modification, service, misuse or alteration that was not authorized and/or performed by Dollar General.

20.     Defendant Dollar General pleads misnomer and that its current true and correct legal name is not identified in the complaint.

21.     Defendant Dollar General avers that Plaintiff's complaint is due to be dismissed based upon insufficiency of process.

22.     Defendant Dollar General avers that Plaintiff's complaint is due to be dismissed based upon insufficiency of service of process.

23.     The Complaint fails to state a claim under any liability theory other than the

4

Alabama Extended Manufacturer's Liability Doctrine, and all other claims merge into the Alabama Extended Manufacturer's Liability Doctrine claim.

24. Defendant Dollar General denies that a defect existed in the product or in any part of said product. Defendant Dollar General alternately avers that the injuries and/or damages alleged by Plaintiffs were the result of superseding and/or intervening acts of others for whom Defendant Dollar General owes no legal responsibility.

25. Defendant Dollar General avers that Plaintiffs' injury was the result of superseding and intervening acts other than the alleged defects in the subject product.

26. Defendant Dollar General pleads all applicable defenses available to it under the Alabama Extended Manufacturer's Liability Doctrine.

27. Defendant Dollar General denies that it breached any obligation and/or duty owed to the Plaintiffs under the Alabama Extended Manufacturer's Liability Doctrine.

28. Defendant Dollar General avers that the product was manufactured in accordance with all industry, state and federal specifications and/or regulations.

29. Defendant Dollar General denies that it is guilty of any wrongful or actionable conduct. Defendant Dollar General denies that the product or any conduct on its part caused or contributed to any injury or damage sustained by Plaintiffs.

30. Defendant Dollar General pleads the general issue.

31. Defendant Dollar General pleads the defense of justification.

32. Defendant Dollar General pleads the defenses of laches, waiver, and estoppel.

33. Defendant Dollar General avers that it is not indebted or liable to the Plaintiffs.

5

34.    Defendant Dollar General denies it formulated, packaged, distilled and/or manufactured the product at issue. Further, the Defendant avers that if it did sell the product at issue, the product was sold in a sealed container.

35.    Defendant Dollar General avers that it did not contribute to cause an alleged defect or malfunction in the product which is the subject of the Complaint. Defendant further avers that it had no knowledge of an alleged defect or defects and that there is no causal relationship between Defendant Dollar General's conduct or activities and the alleged defect or defects in the product which is the subject of this lawsuit. Thus, Defendant Dollar General pleads the lack of causal relation (or no causal relation) defense available under the Alabama Extended Manufacturer's Liability Doctrine.

36.    Defendant Dollar General avers that there is no causal relation or relation in fact between the activities of the Defendant and the alleged injury which is the subject of this lawsuit.

37.    Defendant Dollar General avers that the product in question may have been subject to misuse, neglect or abuse at the time and place of the incident (and/or at times prior thereto), thus barring recovery to the Plaintiffs herein.

38.    The claims alleged against Defendant Dollar General, separately and severally, in the Complaint are barred by the Commerce Clause of the United States Constitution because they would, if allowed, impose an undue burden on interstate commerce.

39.    The claims alleged against Defendant Dollar General are preempted, in whole or in part, by federal law and/or regulations, including but not limited to FDA regulations, the Food, Drug and Cosmetic Act.

6

40.     Defendant Dollar General asserts that Plaintiffs' injury was not a proximate result of the actions or the product of this Defendant as alleged in the Complaint.

41.     Defendant Dollar General denies that the said product was a defective or an unreasonably dangerous product.

42.     Defendant Dollar General denies that said product was in substantially the same condition on the date referred to in the Complaint as when it was sold.

43.     Defendant Dollar General denies the product in question was dangerous when used, in a reasonable and foreseeable manner and for its intended use.

44.     Defendant Dollar General asserts that clear and adequate instructions and warnings were provided relating to the product in question.

45.     Defendant Dollar General asserts the defense of contributory negligence on the part of Plaintiffs as a complete bar to Plaintiffs' claims.

46.     Defendant Dollar General asserts the defense of assumption of the risk on the part of Plaintiffs as a complete bar to Plaintiffs' claims.

47.     Defendant Dollar General affirmatively asserts all defenses applicable to the *Alabama Extended Manufacturers Liability Doctrine* (hereinafter sometimes referred to as "AEMLD").

48.     Defendant would rely upon the uniform commercial code as adopted in Alabama and all defenses therein for any alleged breach of warranty that may be asserted.

49.     Defendant Dollar General made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs.  Defendant Dollar General further asserts that it effectively disclaimed all express and implied warranties concerning the product.

7

50.     Defendant avers absence of privity of contract as a defense to Plaintiffs' claims.

51.     Plaintiffs failed to give adequate notice of a breach of warranty as required by Alabama law.

52.     Defendant Dollar General pleads as a defense, credit or set off against the damages claimed by Plaintiffs for all monies and sums paid to or on behalf of Plaintiffs from collateral sources for injuries or damages suffered in the incident made the basis of this case by any source.

53.     Defendant reserves the right to assert Plaintiffs' claims are barred in whole or in party by the applicable statute(s) of limitations, Rule of Repose and/or Statute of Repose, including but not limited to those contained in § 6-5-502, Code of Alabama, 1975.

54.     Defendant Dollar General denies that Plaintiffs suffered injuries as a proximate consequence of a defective or unreasonably dangerous condition of the product made the basis of Plaintiffs' Complaint.

55.     Defendant Dollar General denies that the product in question was in an unsafe condition at the time it was manufactured, sold and/or delivered.

56.     Defendant Dollar General avers and asserts all applicable defenses and damage limitations available to it as a result of the passage of the Tort Reform Statutes enacted in June of 1987.

57.     Defendant Dollar General avers that all claims of Plaintiffs are barred by the defenses and limitations contained in Article 28 of Chapter 5 of Title 6 (Products Liability Act) of the *Alabama Code* of 1975. Defendant Dollar General avers that Plaintiffs' Complaint fails to state a cause of action under the Alabama Products Liability Act and that

8

said Act prohibits Plaintiffs from maintaining this lawsuit and/or from recovering in this lawsuit. Defendant Dollar General asserts all defenses and limitations contained in said Act, including, without limitation, all limitations on suit contained in § 6-5-502, *Alabama Code*, 1975, and all limitations and mitigation of recoverable damages contained in §§ 6-5-521, 6-5-522 and 6-5-523, *Alabama Code*, 1975.

58.    The product allegedly sold by Defendant Dollar General met or exceeded the standards of the industry at the time of sale or manufacture.

59.    The Alabama Extended Manufacturer's Liability Doctrine, which in effect is the doctrine of strict liability, which Plaintiffs contend is applicable in this case, is constitutionally void in that:

(a)    It operates to create a conclusive presumption that is arbitrary and operates to deny a fair opportunity on the part of the manufacturer and/or seller to rebut such conclusive presumption and acts to substitute judicial fiat in place of fact in judicial determination of an issue involving property of Defendant Dollar General with the result that:

(i)    It deprives defendants, separately and severally, of property without due process of law contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions of the Constitution proscribing any state from depriving a person of property without due process of law; and

(ii)    It deprives defendants, separately and severally, of property without due process of law contrary to Article I, Section 6, of the State of Alabama Constitution and specifically contrary to said provision of the Constitution fo the State of Alabama providing that no person shall be deprived of property except by due process of

9

law, with the result that the Plaintiffs are not entitled to recover in this case against Defendant.

(b)     It denies Defendant Dollar General equal protection of the law contrary to the Fourteenth Amendment of the Constitution of the United States and specifically contrary to that portion of the Fourteenth Amendment proscribing any state from denying "to any person within its jurisdiction equal protection of the laws," in that it discriminates against the manufacturer and seller in favor of other defendants in litigation for the reason that it imposes a higher duty upon the manufacturer and seller than was imposed upon other persons who are defendants under circumstances where the imposition of a higher duty upon the manufacturer and/or seller would amount to an unreasonable classification, and hence the Plaintiffs are not entitled to recover against Defendant.

(c)     The attempted imposition of strict liability in this case against Defendant Dollar General operates to deny this defendant equal protection of law contrary to the provisions of the Constitution of the State of Alabama which require the state to afford all persons equal protection of law with the result that the Plaintiffs are not entitled to recover against defendants, separately and severally, in this case.

60.     Alabama's law of joint and several liability is unconstitutional both on its face and as applied to Defendant Dollar General in this case.

61.     Defendant Dollar General contests the amount and nature of the damages claimed by the Plaintiff in the Complaint.

62.     Defendant Dollar General avers that the product at issue was not defective within the meaning of the Alabama Extended Manufacturer's Liability Doctrine because of one or more of the following:

10

a.     It had been altered or modified prior to the accident and was not in substantially the same condition at that time as when it left this Defendant's possession and control.

b.     The product was neither defective nor unreasonably dangerous.

c.     The product was not unreasonably dangerous because it was not more dangerous than the ordinary user would have contemplated.

d.     The manufacture and design of the product was well in keeping with the state of the art at the time of the manufacture of the product.

63.     The product at issue was not defective within the meaning of the Alabama Extended Manufacture's Liability Doctrine because of each of the following:

a.     The product was not unreasonably dangerous.

b.     The product was not unreasonably dangerous because it was not more dangerous than the ordinary user would have contemplated.

c.     The manufacture and design of the product was well in keeping with the state of the art and federal and state law at the time of the manufacture of the product.

64.     Defendant Dollar General denies any additional warnings would have been read or heeded or would have altered or prevented this accident.

65.     Plaintiffs' claims are barred due to spoliation and the failure to preserve critical evidence.

66.     Defendant Dollar General denies it is guilty of conduct for which punitive damages could or should be awarded and denies that Plaintiffs have produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against Dollar General.

11

67.    Plaintiffs cannot recover punitive damages against Defendant Dollar General because such an award, which is penal in nature, would violate Dollar General's constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States unless Dollar General is afforded the same procedural safeguards as are criminal defendants, including but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

68.    Defendant Dollar General asserts that subjecting Defendant to punitive damages, or affirming an award of punitive damages against Defendant in this case, would amount to and constitute a denial of due process as afforded by the Due Process clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

a.    any award of punitive damages against Defendant under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof beyond a reasonable doubt;

b.    there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;

c.    use of the *Alabama Pattern Jury Instructions* or other commonly used federal jury instructions in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award

12

of punitive damages;

     d.     any punitive damages award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria;

     e.     the power and authority imposed upon the jury under Alabama law as to the amount of the punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

     f.     under Alabama law and procedure, there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and Dollar General's alleged wrongful or culpable conduct;

     g.     under Alabama law and procedure, there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

     h.     under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

     i.     in the event that an award of punitive damages is entered in this case, such an award would be imposed regardless of the degree of culpability of Dollar General, and such an award could result in a verdict against Dollar General whereby punitive damages could be assessed against Dollar General based in part upon culpability of another party, and such verdict could be enforced against Dollar General regardless of defendant's culpability, or relative culpability;

j.      should the Court require the award of punitive damages against Dollar General, such an award would be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

k.      an award of punitive damages should not be permitted to be assessed against Dollar General for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of Dollar General;

l.      an award of punitive damages should not be permitted to be assessed against Dollar General vicariously as a principal without any further proof of independent, wrongful conduct or ratification by Dollar General;

m.      Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

n.      under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

o.      the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Dollar General;

p.      the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

q.      the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages;

r.      the procedures pursuant to which punitive damages are awarded may

14

permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

s.      an award of punitive damages would constitute an arbitrary and capricious taking of property of Dollar General without due process of law.

69.     Plaintiffs are not entitled to punitive damages from Defendant pursuant to the facts as alleged in Plaintiffs' Complaint.

70.     The claim of the Plaintiffs for punitive damages against Defendant is barred by the Fourteenth Amendment to the United State Constitution and by the Alabama Constitution.

71.     Imposition of punitive damages in this case against Defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

72.     To award punitive damages against Defendant in this case would have a chilling effect upon Defendant's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

73.     In the event that any portion of a punitive damages award against Dollar General in this case were to inure to the benefit of the State of Alabama, or any governmental or private entity other than Plaintiffs, such an award would violate the Excessive Fines Clause of the Eight Amendment to the United States Constitution and Article 1, Section 15 of the Alabama Constitution.

74.     To award punitive damages against Defendant in this case would violate the Contracts Clause of Article 1, Section 10 of the United States Constitution, as an award of punitive damages would impair contractual obligations.

75.    Defendant asserts as a defense to Plaintiffs' claims for punitive damages all the defenses and constitutional protections enunciated in the United States Supreme Court decisions rendered in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589 (1996); Cooper Industries v. Leatherman Tool Group, Inc., 121 S.Ct. 1678 (2001) and State Farm Automobile Ins. Co. v. Campbell, 235 S.Ct. 1513 (2003).

76.    Based upon Alabama procedures relative to punitive damages, which provide no objective, logical or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, Defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article I, §§ 1, 6 and 22 of the Alabama Constitution, separately and severally.

77.    Plaintiff's claim for punitive damages violates the rights of Defendant to due process and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in Hammond v. City of Gadsden and Green Oil Company v. Hornsby is unconstitutionally vague and inadequate in the following respects:

a.    The Hammond and Green Oil procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

b.    The Hammond and Green Oil procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for Defendant;

c.    The Hammond and Green Oil procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

d.    The Hammond and Green Oil procedure does not address nor cure

16

the lack of guidelines given the jury in the assessment of punitive damages;

e.    This procedure is inadequate in that the trier of fact according to Hammond and Green Oil "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

f.    The Hammond and Green Oil procedure fails to provide definite and meaningful constraints on the discretion of the trier of fact in awarding punitive damages.

78.    The demand for punitive damages in this instant case is subject to those limitations established by the Alabama legislature and set forth in Section 6-11-21, Code of Alabama.

79.    The imposition of punitive damages sought by Plaintiffs violates Defendant's right to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, in that:

a.    Alabama law and the Alabama punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so, in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that make punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of such an award. Alabama law and the Alabama punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

17

      b.     Defendant had no notice of or means of ascertaining whether, or if so, in what amount, it might be subject to a penalty for the conduct alleged by Plaintiffs in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Defendant to punitive damages or as to the potential amount of such an award.

      c.     Under Alabama law and the Alabama punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

      d.     Under Alabama law and the Alabama punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including corporate status of a Defendant.

      e.     No provision of Alabama law or the Alabama punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc., v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), Pacific Mutual Life Insurance Company v. Haslip, 499 U.S. 1 (1990), and Matthews v. Eldridge, 424 U.S. 319 (1976) for the imposition of a punitive award.

      f.     Alabama law and the Alabama punitive damage scheme do not provide for adequate post-trial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

      g.     Under Alabama law and the Alabama punitive damage scheme, there is no limit on the number of times Dollar General could be held accountable for punitive

damages based on the same alleged conduct as that alleged in this case.

80.    The net effect of Alabama's punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner. The lack of adequate guidelines or review inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest. As a result, the federal (U.S. Const. Amend 14) constitutional mandates for equal protection are violated.

81.    Defendant affirmatively avers that the Plaintiffs' claims for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without a bifurcated trial as to all punitive damage issues would be violative of this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

82.    Defendant Dollar General asserts that pursuant to § 6-11-21 of the *Code of Alabama*, 1975, it is not liable for any portion of any award of punitive damages wherein there has been no express findings that Dollar General engaged in conduct as defined in § 6-11-20, *Code of Alabama*, 1975. Defendant Dollar General is not jointly and severally liable to Plaintiffs for any award of punitive damages.

83.    Defendant Dollar General reserves the right to plead such other defenses as may become apparent or available during the course of litigation.

84.    Defendant Dollar General adopts by reference and asserts any and all affirmative defenses asserted by any co-defendant in this action which may be applicable to this Defendant.

**WHEREFORE,** Defendant Dollar General, Inc., whose true and correct name is

19

Dolgencorp, Inc., demands judgment be entered in its favor, that Plaintiffs' Complaint be dismissed with prejudice, and that all costs of this proceeding and Defendant's reasonable attorney's fees be assessed against Plaintiffs.

**RESPECTFULLY SUBMITTED** this the 31st day of January, 2006.

_____
ROGER S. MORROW, MOR032

_____
JOEL H. PEARSON, PEA019
Attorneys for Defendant Dollar General, Inc., whose correct name is Dolgencorp, Inc.

OF COUNSEL:

MORROW, ROMINE & PEARSON, P.C.
122 South Hull Street
Post Office Box 4804
Montgomery, Alabama  36103-4804
Telephone: (334) 262-7707
Facsimile:  (334) 262-7742

**DEFENDANT DEMANDS A TRIAL BY JURY**

_____
Of Counsel

20

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the _3/st_ day of _January_, 2006.

Hon. Mickey J. G. McDermott
The Law Offices of Mickey J. G. McDermott
100 Commerce Street, Suite 1000
Montgomery, Alabama 36104-2508

Hon. John R. Walker
P.O. Box 3041
Montgomery, Alabama 36109-0041

Of Counsel