IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAURA GRESHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06cv089-WHA |
| | ) |
| LUSTER PRODUCTIONS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## **SCHEDULING ORDER**

Under Rule 16 of the Federal Rules of Civil Procedure, as amended, the Court is required to set a schedule for discovery and the filing of motions. Accordingly, it is ORDERED by this court as follows:

1.  **Dispositive Motions**. Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than August 2, 2006. A brief and all supporting evidence shall be filed with any such motion. The discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to the location of the evidence in a supporting deposition or document.

2.  **Motions To Amend**. Any motions to amend pleadings and to add parties shall be filed no later than June 2, 2006.

3.  **Discovery**. All discovery shall be completed on or before September 5, 2006.

4.  **Settlement**. Within 14 days after the date upon which dispositive motions are

due, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations. If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement. No more than **FIVE** (5) DAYS after this conference, the defendant shall file a pleading titled "Notice Concerning Settlement Conference and Mediation." This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial. Information about mediation is attached to this order.

5. **Deadlines**. If any party has an objection to these deadlines, the party should inform the Court within 14 days from the date of this order; otherwise, the Court will assume that the deadlines are agreeable to all parties. Unless this order be modified by subsequent order of the Court, the provisions hereinabove set out are binding on the parties.

DONE, this 1st day of May, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF ALABAMA

**PROGRAM OF VOLUNTARY MEDIATION**

This court has established a program of voluntary mediation to assist litigants in resolving their disputes prior to trial. The court stresses that mediation is completely voluntary and confidential. The court strictly enforces the confidentiality of mediation.

The court encourages litigants to consider the salutary benefits of resolving at an early stage their dispute through voluntary mediation. Mediation is a process of confidential negotiation through which parties may often achieve results which could not be gained through submission of their case to a jury. Successful mediation saves the substantial time and expense involved with a trial. Successful mediation allows parties to alleviate the risk of trial and, at the same time, permits the parties to play an active role in the final decision about their case. The mediation process generally involves a joint meeting with all parties and counsel to discuss the case and each side's position. After this meeting the mediator will meet with each side individually for a full discussion of that side's case. Throughout the process the goal of the mediator is to assist the parties in negotiating a settlement. Often the mediator will provide to the parties a frank, honest opinion about the strengths and weaknesses of their case. Often an objective viewpoint assists parties in making good decisions about settlement.

The scheduling order entered in this case requires that not less than 14 days after the date for filing dispositive motions, counsel for the parties shall personally meet and attempt to reach settlement of the case. If counsel in good faith cannot reach settlement, counsel are also required to consider whether mediation will assist the parties in resolving this case. Within five days after this conference counsel are to notify the trial judge in writing whether they have settled the case and, if not, whether they believe mediation will assist the parties in resolving the case. Upon such notification, the trial judge may assign a mediator to schedule a mediation conference. However, a judge of this court may assign a mediator at any time.

Except in extraordinary circumstances the mediator will be a judicial officer. Under the existing internal operating understandings of this court, a nonjudicial mediator will not be assigned to a case without the knowledge and concurrence of the parties.

The court also encourages parties to consider settlement negotiations and mediation well before the time when a settlement conference is required. At any time while a case is pending, the parties may seek assistance in settling their dispute through mediation.